(No. 5169-

JAMES PITTACORA AND FRANCIS ZIEGENHORN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1964.*

DANIEL P. WARD, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

DOVE, J.

The claim of James Pittacora and Francis Ziegenhorn was filed in the Court of Claims on July 3, 1964. Shortly thereafter a stipulation setting forth the facts was duly entered into by and between the attorney for claimants and the Office of the Attorney General for the State of Illinois. It provides as follows:

"That each of the two individual claimants was authorized and acting in his capacity as an employee of the State's Attorney of Cook County on July 23, 24 and 25, 1962, when he performed his assignment of the extradition of Frederick Halstrom from Jacksonville, Florida to Chicago, Illinois for a subsequent trial in the Criminal Court of Cook County upon an indictment for burglary.

"That each of the two claimants traveled by air from Chicago to Jacksonville on July 23, spent the evening in a Jacksonville motel, traveled on July 24 to Florida State Prison in Raiford (where Halstrom was serving an armed robbery sentence, and where the claimants were informed that Halstrom would not be released into their custody until July 25), spent that evening in a Jacksonville motel, traveled on July 25 to the Florida State Prison, (where the claimants acquired custody of Halstrom) and then to the Jacksonville airport, whence each claimant returned by air to Chicago with Halstrom.

"That taxi fares were required in lieu of automobile rental expense, because of the serious nature of Halstrom's prior offenses, and because of his attempted prison escape in the then recent past.

"That the expenses directly incident to the aforesaid official travel were:

(a) James Pittacora:

7-23: Air travel-Chicago to Jacksonville........................$60.65
Limousine travel-Jacksonville
(airport to motel)................................... 2.50
Food . . . ......................................... 5.00
Lodging . . . ....................................... 9.27
7-24: Taxicab travel ...................................... 11.00
Food . . . ......................................... 5.00
Lodging . . . ....................................... 9.27
7-25: Taxicab travel ...................................... 13.50
Food . . . ......................................... 2.50
Air travel-Jacksonville to Chicago........................ 60.65

TOTAL.............................$179.34

(b) Francis Ziegenhorn:

7-23: Expressway toll to O'Hare Field (Chicago) ..............$ .90
Air travel-Chicago to Jacksonville........................ 60.65
Limousine travel-Jacksonville (airport to motel)........... 2.50
Food . . . ......................................... 5.00
Lodging . . . ....................................... 9.27
7-24: Taxicab travel ...................................... 11.00
Food . . . ......................................... 5.00
Lodging . . . ....................................... 9.27
7-25: Taxicab travel . . . ................................. 13.50
Food . . . ......................................... 2.50
Food (for Halstrom) ................................. 2.50

Air travel-Jacksonville to Chicago...................... 60.65
Air travel-Jacksonville to Chicago (for Halstrom).......... 62.45
Tips-(entire trip) ................................... 3.00

TOTAL.............................$248.19

"That all appropriate travel vouchers required by statute (Ill. Rev. Stats., 1963, Chap. 127, Sec. 148) were submitted to the Auditor of Public Accounts after the close of the last fiscal year of the Seventy-Second General Assembly, and that, because of the resultant absence of a corresponding appropriation of State revenue, the Auditor of Public Accounts did not at any time issue a warrant to reimburse the claimants for the aforesaid expense or any part thereof.

"That each of the claimants was and is entitled to payment from the State treasury of his expenses incurred in direct incident to his official travel for the extradition of Frederick Halstrom, pursuant to statute.

"That neither James Pittacora nor Francis Ziegenhorn has assigned or transferred his aforesaid claim or any part thereof, and that no principal or interest has been received thereon, and that each claimant is justly entitled to the amount claimed from the State of Illinois: James Pittacora, the amount of One Hundred and Seventy-nine dollars and Thirty-four cents ($179.34); and Francis Ziegenhorn, the amount of Two Hundred and Forty-eight dollars and Nineteen cents ($248.19)."

Chap. 60, Sec. 41 of the 1963 Ill. Rev. Stats., provides as follows with reference to extradition expenses: "When the punishment of the crime shall be the confinement of the criminal in the penitentiary, the expenses shall be paid out of the State treasury."

It appears that all qualifications for an award have been met in the instant case. Claimant, James Pittacora, is hereby awarded the sum of $179.34; and, claimant, Francis Ziegenhorn, is hereby awarded the sum of $248.19.